IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOUCHPOINT SOLUTIONS, INC.,<br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br>Defendant | Civil Action No. 04-11014-NMG |

**PLAINTIFF TOUCHPOINT SOLUTIONS, INC.'S
EMERGENCY MOTION FOR EXPEDITED DISCOVERY
IN AID OF ITS APPLICATION FOR A PRELIMINARY INJUNCTION**

Pursuant to FED. R. CIV. P. 26, 30, and 34, Plaintiff TouchPoint Solutions, Inc. ("TouchPoint") hereby respectfully moves and requests that the Court issue an Order, in the form attached hereto as Exhibit A, permitting TouchPoint to take expedited discovery on its claims and in aid of its application for a preliminary injunction. This action arises out of the misappropriation of Plaintiff's trade secrets and other confidential and proprietary business information by Defendant Eastman Kodak Company ("Kodak"). More specifically, TouchPoint requests that the Court require Kodak to respond to the attached interrogatories, and requests for production of documents within ten (10) days and to allow for depositions for the following twenty-one (21) days. TouchPoint further requests that the Court set a briefing schedule on its Application for a Preliminary Injunction. As grounds for this motion, TouchPoint states the following:

1. This is an action arising out of Kodak's breaches of a Confidential Disclosure Agreement, theft of trade secrets, unfair competition and common law misrepresentation. After inducing TouchPoint to disclose its confidential information, run a pilot program and implement its network management software and technology for Kodak, Kodak abruptly terminated its joint

venture with TouchPoint. Thereafter and to this day, Kodak has disclosed TouchPoint's software and trade secrets to TouchPoint's competitors (now Kodak's potential new and lower cost suppliers) and throughout its own in-house development group.

2. Because this case involves the irretrievable disclosure and misappropriation of TouchPoint's confidential information, time is of the essence. TouchPoint understands that Kodak has misappropriated and will continue to misappropriate TouchPoint's confidential information for its own benefit and to TouchPoint's unfair competitive disadvantage.

3. TouchPoint seeks this expedited discovery to provide further confirmation and evidentiary detail of the precise nature and extent of Kodak's unlawful conduct. The requested information is necessary to support TouchPoint's Motion For Preliminary Injunctive Relief (filed simultaneously herewith).

WHEREFORE, TouchPoint respectfully requests that this Court allow its Emergency Motion To Conduct Limited Expedited Discovery in accordance with the proposed Order enclosed herewith.

## REQUEST FOR HEARING

TouchPoint respectfully requests a hearing on this Emergency Motion.

Respectfully submitted,

TOUCHPOINT SOLUTIONS, INC.,

By its attorneys,

_____
H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
  Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
617-542-6000

Dated:  August 13, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2004, I caused the foregoing *Plaintiff TouchPoint Solutions, Inc.'s Emergency Motion for Expedited Discovery in Aid of Its Application for a Preliminary Injunction* to be served by hand on the following:

Nicholas G. Papastavros, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

_____
H. Joseph Hameline

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOUCHPOINT SOLUTIONS, INC.,<br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br>Defendant | Civil Action No. 04-11014-NMG |

## [PROPOSED] ORDER

Upon consideration of Plaintiff TouchPoint Solutions, Inc.'s Emergency Motion for Expedited Discovery, it is hereby GRANTED. The discovery schedule shall be set forth as follows:

- The parties shall respond to all requests for documents and interrogatories within ten (10) days after the issuance of this order.

- Following the production of documents, the parties will produce witnesses for depositions for the following twenty-one (21) days.

- The Plaintiff's Memorandum in Support of its Application for a Preliminary Injunction, with supporting documentation, will be due fourteen (14) days after the deposition period ends.

- The Defendants' Response to Plaintiff's Memorandum in Support of its Application for Preliminary Injunction will be due fourteen (14) days thereafter.

- Plaintiff may submit a Reply to Defendant's filings within five(5) days of service of Defendant's Response.

- A hearing on the Application for Preliminary Injunction will be held at a date to be determined by the Court at the time of this Order.

_____
United States District Court Judge

Dated: August __, 2004