UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

8-13 04

ṗ

---

TOUCHPOINT SOLUTIONS, INC.,

Plaintiff,

vs.

EASTMAN KODAK COMPANY,

Defendant.

C.A. No. 04-11014 NMG

---

## DEFENDANT EASTMAN KODAK COMPANY'S MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNTS I, III AND IV OF THE COMPLAINT

Defendant Eastman Kodak Company ("Kodak") respectfully moves this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this case for all purposes to the U.S. District Court for the Western District of New York ("WDNY"). As grounds for this motion, Kodak states that all the respective factors considered pursuant to § 1404(a) militate in favor of a venue transfer. Among other things:

- Virtually all the prospective witnesses reside either within the WDNY (including a former employee of Kodak who cannot be compelled to testify in this forum) or in the Toronto, Canada, area (a short ferry ride away from the WDNY). In contrast, *no* prospective witnesses resides in Massachusetts;

- The WDNY would be more convenient for the parties as well, since Kodak is based in Rochester, NY (within the WDNY), and TouchPoint Solutions, Inc. ("TouchPoint") is based in Toronto; and

- The interest of justice favors transfer, particularly considering that the operative facts have a strong connection to New York, and considering that the parties chose New York law to govern the key contract in dispute.

Alternatively, Kodak respectfully moves this Court, pursuant to Fed. R. Civ. P. 9(b), 9(c) and 12(b)(6), to dismiss Counts I, III and IV of the Complaint. More specifically:

- Count I of the Complaint (Breach of Contract) should be dismissed because TouchPoint has not pled, and cannot prove, that it satisfied a condition precedent set forth in the Confidential Disclosure Agreement ("CDA");

- Count III of the Complaint (Breach of Implied Covenant of Good Faith & Fair Dealing) should be dismissed (1) because TouchPoint fails to identify with specificity which, if any, contract to which it refers, and (2) because the implied covenant cannot be invoked to alter the fundamental terms of a contract; and

- Count IV of the Complaint (Misrepresentation) should be dismissed based on TouchPoint's failure to plead it with particularity.

Kodak also relies on and incorporates herein the memorandum of law and affidavit of Thomas Pinkham (with exhibits) submitted herewith.

WHEREFORE, Kodak respectfully requests this Court to:

(1)  Grant its Motion to Transfer Venue to the WDNY; or in the alternative,

(2)  Grant its Motion to Dismiss Counts I, III and IV of the Complaint; and

(3)  Grant such other relief as the Court deems just and appropriate.

## L.R. 7.1 CONFERENCE

Counsel for Kodak, Robert Calihan, certifies that he conferred with counsel for TouchPoint, Joseph Hameline, on August 12, 2004 in a good faith, unsuccessful attempt

- 3 -

to resolve or narrow the issues presented by this motion.

· EASTMAN KODAK COMPANY,
By its attorneys,

_Nicholas G. Papastavros (BBO # 635742)_
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

Robert Calihan
NIXON PEABODY LLP
Clinton Square
Rochester, NY  14603
(585) 263-1000

DATED:  August 13, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on 8/13/04