UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



TOUCHPOINT SOLUTIONS, INC.,

Plaintiff,

vs.

EASTMAN KODAK COMPANY,

Defendant.

.C.A. No. 04-11014 NMG

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Eastman Kodak Company ("Kodak"), by its attorneys, Nixon Peabody LLP, for its answer to the complaint:

1. States that this paragraph purports to characterize the nature and claims of this action and contains conclusions of law to which no response of Kodak is required. To the extent that this paragraph is construed to contain allegations of fact requiring a response of Kodak, they are denied.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, except states that, upon information and belief, TouchPoint Solutions, Inc.'s ("TouchPoint") corporate headquarters are located in Toronto, Canada.

3. Admits the allegations contained in paragraph 3 of the complaint.

4. States that this paragraph contains conclusions of law to which no response of Kodak is required. Responding further, Kodak states that pursuant to 28 U.S.C. § 1404(a), this matter should be transferred to the United States District Court for the Western District of New York, for the convenience of the parties and witnesses and in the interest of justice.

R788765.1

## FACTUAL ALLEGATIONS

5.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint, except admits that TouchPoint claims to have developed, and has offered to license to Kodak, certain software for the remote management of various applications for various devices, including QuickPix.

6.  Admits the allegations contained in paragraph 6 of the complaint.

7.  Denies the allegations contained in paragraph 7 of the complaint, except admits that Kodak had identified TouchPoint as a possible vendor for remote management software for Kodak digital photo kiosks, and that Kodak participated in various discussions with TouchPoint regarding the possibility of Kodak licensing TouchPoint software for use in connection with Kodak's digital photo kiosks. Kodak further admits that Kodak and TouchPoint entered into a Confidential Disclosure Agreement ("CDA") that had an April 9, 2003 effective date, and refers to the contents of that written agreement for its terms and conditions.

8.  Denies the allegations contained in paragraph 8 of the complaint, except admits that Kodak and TouchPoint entered into a Non-Circumvention Agreement, dated July 7, 2003, and refers to the contents of that written agreement for its terms and conditions.

9.  Denies the allegations contained in paragraph 9 of the complaint, except admits that TouchPoint offered to assist Kodak in marketing to certain entities such as Best Buy, Wal-Mart and Staples.

10. Denies the allegations contained in paragraph 10 of the complaint, except admits that TouchPoint assisted Kodak in conducting a limited pilot program regarding the possible use of TouchPoint software with certain Kodak kiosks; that Kodak used certain TouchPoint software

in connection with that pilot program; and that TouchPoint had various discussions with certain Kodak employees regarding the possible future use of TouchPoint software with Kodak kiosks.

11. Denies the allegations contained in paragraph 11 of the complaint, except agrees that TouchPoint agreed not to charge Kodak for services TouchPoint provided in assisting Kodak with the pilot program involving Kodak kiosks.

12. Denies the allegations contained in paragraph 12 of the complaint, except admits that Kodak and TouchPoint discussed various possible terms for a possible future business relationship, and agreed to certain terms that are set forth in the Master Professional Service Agreement ("PSA") referred to in paragraph 13 of the complaint.

13. Admits that TouchPoint and Kodak signed a Master Professional Service Agreement on or about March 21, 2004, and refers to the contents of that written agreement for its terms and conditions.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies the allegations contained in paragraph 16 of the complaint, except admits that certain Kodak and TouchPoint employees had various discussions regarding the possible integration and implementation of TouchPoint software in connection with Kodak kiosks, and that certain of these discussions occurred between January and April, 2004.

17. Denies the allegations contained in paragraph 17 of the complaint, except admits that Kodak had been working with various TouchPoint representatives regarding a possible licensing by Kodak of certain TouchPoint software, and that Kodak ultimately decided not to license TouchPoint's software and not to enter into the written license agreements proposed by TouchPoint.

- 4 -

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint, except admits that in or about April, 2004, Kent McNeley left Kodak.

20. Denies the allegations contained in paragraph 20 of the complaint.

## COUNT I
### (Breach of Contract)

21-23. Kodak is not required to respond to the allegations contained in paragraphs 21-23 of the Complaint, as they are the subject of Kodak's Motion to Dismiss filed on August 13, 2004.

## COUNT II
### (Misappropriation of Trade Secrets)

24. In response to paragraph 24 of the complaint, repeats and realleges its responses contained in paragraphs 1-23 of this answer as if fully set forth herein.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

27-30. Kodak is not required to respond to the allegations contained in paragraphs 27-30 of the Complaint, as they are the subject of Kodak's Motion to Dismiss filed on August 13, 2004.

## COUNT IV
### (Misrepresentation)

31-34. Kodak is not required to respond to the allegations contained in paragraphs 31-34 of the Complaint, as they are the subject of Kodak's Motion to Dismiss filed on August 13, 2004.

R788765.1

## COUNT V
### (Promissory Estoppel)

35. In response to paragraph 35 of the complaint, repeats and realleges its responses contained in paragraphs 1-34 of this answer as if fully set forth herein.

36. Denies the allegations contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. Denies the allegations contained in paragraph 38 of the complaint.

39. Denies the allegations contained in paragraph 39 of the complaint.

40. Denies the allegations contained in paragraph 40 of the complaint.

## COUNT VI
### (Injunctive Relief)

41. In response to paragraph 41 of the complaint, repeats and realleges its responses contained in paragraphs 1-40 of this answer as if fully set forth herein.

42. Denies the allegations contained in paragraph 42 of the complaint.

43. Denies the allegations contained in paragraph 43 of the complaint.

## AFFIRMATIVE DEFENSES

1. This matter should be transferred to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice.

2. TouchPoint has failed to state a claim upon which relief can be granted.

R788765.1

3. TouchPoint's claims are barred, in whole or in part, under the doctrines of waiver, estoppel and/or laches. For example, to the extent Kodak ever had any obligations to hold information furnished by TouchPoint in confidence, the exclusive source of said obligations was the CDA and/or PSA, the terms of which TouchPoint failed to satisfy.

4. TouchPoint's claims are barred, in whole or in part, by its failure to mitigate damages it has suffered, if any.

5. TouchPoint's claims for damages are barred, in whole or in part, by application of the economic loss doctrine.

6. Kodak reserves the right to assert additional affirmative defenses in the event its Motion to Dismiss is not granted in its entirety, or in the event it learns of additional defenses through the progression of discovery.

WHEREFORE, Kodak respectfully requests this Court to grant the following relief:

1. Enter judgment for Kodak as to all counts of the Complaint and dismiss all claims against it with prejudice;

2. Award Kodak the attorneys' fees, costs and all other expenses incurred in defending and/or otherwise litigating this action; and/or

3. Grant such additional or alternative relief as the Court deems just and appropriate.

- 7 -

## JURY DEMAND

Kodak hereby demands a trial by jury on all issues so triable.

EASTMAN KODAK COMPANY,
By its attorneys,

_____
Nicholas G. Papastavros (BBO # 635742)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

Robert Calihan
NIXON PEABODY LLP
Clinton Square
Rochester, NY  14603
(585) 263-1000

DATED: August 13, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 8/13/04
_____

2004 AUG 13  P 6:03

MASS.

R788765.1