UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TOUCHPOINT SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EASTMAN KODAK COMPANY, <br><br> Defendant. | C.A. No. 04-11014 NMG |

## MOTION FOR CONTINUANCE OF HEARING
## AND ENTRY OF SCHEDULING ORDER, AND SUPPORTING MEMORANDUM

Defendant Eastman Kodak Company ("Kodak") respectfully moves this Court to continue the hearing on plaintiff TouchPoint Solutions, Inc.'s ("TouchPoint") Motion for Preliminary Injunction for a brief one-week period -- from Friday, September 24, 2004 to Friday, October 1, 2004 – and set the following briefing schedule:

| | |
|---|---|
| Tuesday, September 21, 2004: | Deadline for TouchPoint to serve Memorandum in Support of Motion for Preliminary Injunction, along with affidavits and any other materials supporting request for relief. |
| Tuesday, September 28, 2004: | Deadline for Kodak to serve Opposition to Motion for Preliminary Injunction, along with affidavits and any other materials supporting denial of Motion.[1] |

As grounds for this Motion, Kodak submits the enclosed Affidavit of Robert B. Calihan ("Calihan Aff."), and states as follows:

1.    The dispute underlying this litigation arose in April, 2004. TouchPoint filed its Complaint on May 19, 2004, and served it on Kodak on July 14, 2004. Calihan Aff., ¶ 1. One month later, TouchPoint moved for a preliminary injunction and sought expedited discovery. Id.

---

[1] Given time constraints, service should be via facsimile. Since the Kodak attorneys principally involved in this case are venued in Nixon Peabody LLP's Rochester, NY office, Kodak respectfully requests that the Court permit it to serve the Opposition papers by facsimile on Tuesday evening, September 28, 2004, and file them the next morning, September 29, 2004.

2.      At the August 19, 2004 hearing on TouchPoint's Motion for Expedited Discovery, the Court set a September 10, 2004 preliminary injunction hearing date and authorized limited discovery in anticipation of that hearing, directing the parties to serve and respond to document requests and interrogatories and to conduct six depositions by September 4, 2004. The Court did not at that time set a briefing schedule for the parties.

3.      After completing the party discovery authorized by the Court, the parties agreed that taking certain non-party discovery of IBM would likely clarify certain issues in dispute. This discovery could not be obtained prior to the scheduled hearing on September 10, 2004, and the parties accordingly sought and obtained a two-week extension for the hearing, from September 10, 2004 to September 24, 2004. Calihan Aff. ¶ 3. Again, no briefing schedule was set.

4.      As of the present date – one week before the hearing on the preliminary injunction – TouchPoint has not yet served or filed its Memorandum in Support of its Motion for Preliminary Injunction (with supporting papers), and has stated that it cannot do so until Tuesday, September 21, 2004. That is more than *one month* after the Court's prior order and more than *two weeks* after the close of party discovery – and a mere *three days* before the scheduled hearing. See Calihan Aff., ¶ 4.

5.      Kodak respectfully submits that under the current circumstances, it will not have an opportunity to submit a comprehensive response to TouchPoint's moving papers prior to the September 24, 2004 hearing – particularly in light of the extensive discovery which will need to be reviewed and reexamined, at least in large part (more than *45,000* pages of documents, six depositions, and interrogatory responses). Calihan Aff., ¶ 5. Moreover, Kodak will likely also be compelled to obtain affidavits from its employees to, inter alia, rebut TouchPoint's allegations.

6.    In light of the foregoing -- as well as the fact that this dispute commenced in April and that the case has been pending since May – Kodak submits that it is just and reasonable for the Court to accord it at least five (5) business days to respond to TouchPoint's moving papers, and that TouchPoint should not be prejudiced by the brief one-week continuance of the hearing.

WHEREFORE, Kodak respectfully requests this Court to:

(1)    Grant the instant motion, and set the following schedule:

| | |
|---|---|
| Tuesday, September 21, 2004: | Deadline for TouchPoint to serve Memorandum in Support of Motion for Preliminary Injunction, along with affidavits and any other materials supporting request for relief (via fax). |
| Tuesday, September 28, 2004: | Deadline for Kodak to serve Opposition to Motion for Preliminary Injunction, along with affidavits and any other materials supporting denial of Motion (via fax; to be filed Wednesday morning, September 29, 2004). |
| Friday, October 1, 2004: | Hearing on Motion for Preliminary Injunction[2] |

and/or

(2)    Grant such additional and/or alternative relief as the Court deems just and appropriate.

## L.R. 7.1 CONFERENCE

Counsel for Kodak, Nicholas G. Papastavros and Robert Calihan, conferred with counsel

---

[2]    To the extent that the October 1, 2004 date cannot be accommodated, Kodak hereby informs the Court that lead counsel Robert Calihan (who will argue on behalf of Kodak) will not be available the week commencing October 4 due to preexisting obligations with an ABA meeting in Vancouver, British Columbia, Canada. Kodak accordingly suggests Thursday, September 30, 2004 as an alternate date on which the hearing could be held.

- 4 -

for TouchPoint, Joseph Hameline, on September 16, 2004 in an effort to resolve or narrow the

dispute between the parties.

EASTMAN KODAK COMPANY,
By its attorneys,

Nicholas G. Papastavros (BBO # 635742)          Robert Calihan
NIXON PEABODY LLP                                NIXON PEABODY LLP
100 Summer Street                                Clinton Square
Boston, MA  02110                                Rochester, NY  14603
(617) 345-1000                                   (585) 263-1000

Dated: September 16, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on 9/16/04

BOS1418782.1