UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TOUCHPOINT SOLUTIONS, INC.,

                                  Plaintiff,

- vs -

EASTMAN KODAK COMPANY,

                                  Defendant.

04-11014 NMG

## AFFIDAVIT OF ROBERT B. CALIHAN

STATE OF NEW YORK    )
COUNTY OF MONROE    ) ss.

Robert B. Calihan, being duly sworn, deposes and says the following:

1.     I am a member of Nixon Peabody LLP, counsel for Eastman Kodak Company ("Kodak") in this action. I make this affidavit in support of Kodak's Motion For Continuance Of Hearing And Entry Of Scheduling Order. The following sets forth the timeline for this litigation:

| | |
|---|---|
| April, 2004: | This dispute arises between Kodak and TouchPoint. |
| May 19, 2004: | TouchPoint filed its complaint, which seeks injunctive relief and money damages. |
| July 14, 2004: | TouchPoint serves the complaint on Kodak. |
| August 13, 2004: | Kodak answers the complaint, moves to dismiss certain claims of the complaint, and seeks to transfer the action to the United States District Court for the Western District of New York. TouchPoint moves for a preliminary injunction. |

- 2 -

August 19, 2004:   The Court orders limited discovery in connection with TouchPoint's preliminary injunction motion, directing the parties to serve and respond to interrogatories and document requests and to conduct six depositions by September 4, 2004. The Court schedules a September 10, 2004 preliminary injunction hearing date.

2.   The parties complied with the Court's order, exchanging approximately 45,000 pages of documents and interrogatories, and conducting six depositions, the last three of which occurred on Labor Day, September 6, 2004.

3.   Following the completion of the party discovery, the parties agreed that taking certain non-party discovery of IBM would likely facilitate the resolution of this dispute. The parties accordingly sought an extension of the hearing date on the preliminary injunction from September 10 to September 24 in order to take that non-party discovery, and the Court granted the request.

4.   IBM has not yet produced its documents in response to the non-party subpoena TouchPoint served on it. Based at least in part on this, my understanding is that TouchPoint has taken the position that it will now be unable to serve its memorandum of law and supporting papers on Kodak until next Tuesday, September 21. That is over two weeks since the September close of party discovery relating to TouchPoint's preliminary injunction motion.

5.   Kodak needs a reasonable amount of time to respond to TouchPoint's moving papers, which TouchPoint has already had weeks to prepare. Given that the discovery in

R797805.2

- 3 -

connection with this preliminary injunction motion to date has involved the exchange of in excess of 45,000 documents and six depositions, it is unreasonable to expect, and impractical to require, Kodak to receive TouchPoint's opposition papers on Tuesday, September 21 and be able to provide an adequate response by the Friday, September 24 hearing.

_____
Robert B. Calihan

Sworn to before me this 17th day
of September, 2004.

_____
Notary Public

BERNADETTE J. TUTTLE
Notary Public, State of New York
Reg. #01TU4683750
Qualified in Monroe County
Certificate Filed in Monroe County
Commission Expires June 30, 20 06

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail(by hand) on 9/16/04

R797805.2