# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOUCHPOINT SOLUTIONS, INC., <br> Plaintiff, <br><br> v. <br><br> EASTMAN KODAK COMPANY, <br> Defendant | Civil Action No. 04-11014-NMG |

### PLAINTIFF TOUCHPOINT SOLUTIONS, INC.'S
### OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE

The hearing on the Preliminary Injunction initially was scheduled by the Court for September 10, 2004. Virtually all of the discovery between the parties was completed before that date. Due to issues involving third-party discovery (and the Court's subsequent schedule), the parties agreed to a continuance of the hearing until September 24, 2004. That extension was due to Kodak's purported inability to produce the IBM documents to TouchPoint because of Kodak's confidentiality agreement with IBM. Kodak is now producing the bulk of those documents directly to TouchPoint. Defendant now seeks to reschedule that hearing again.

Plaintiff filed the current motion in light of the immediate and irreparable harm to its trade secrets and core intellectual property. Those trade secrets have been disclosed by Kodak to third parties. In addition, despite their highly confidential nature, they also have been disseminated without any concern for their confidentiality throughout Kodak. Moreover, those trade secrets have been incorporated into numerous internal Kodak design documents for the design and implementation of Kodak's digital photo kiosks and related devices. The current request for a delay simply prolongs Kodak's unlawful use of those trade secrets and the *continued* development and implementation of systems based on TouchPoint's trade secrets.

Kodak argues that the additional delay will allow for a sequential briefing schedule. In light of the discovery to date – six depositions and lengthy answers to interrogatories – the parties are apprised of the issues and arguments. There is no need for sequential briefing. Furthermore, Kodak has had the information at issue in its possession – i.e., the use of TouchPoint's trade secrets. TouchPoint has had the burden in discovery. To the extent that issues or arguments are raised either in the memoranda or in oral argument which the Court wants the parties to address, TouchPoint is not adverse to a short period for reply briefs after the hearing.

Kodak also argues that the length of time that has passed from the genesis of the dispute in May weighs in favor of additional delay. In fact, the contrary is true. Moreover, TouchPoint has not delayed bringing this action or motion. After the filing of the Complaint, Kodak agreed not to proceed with remote management systems while the parties attempted to resolve this dispute. Kodak then agreed to meet, but then delayed the meeting until June 28, 2004. After agreeing to respond to the issues at that meeting, Kodak delayed for over two weeks and then simply responded negatively. TouchPoint then prepared and filed the pending motion.

Respectfully submitted,

TOUCHPOINT SOLUTIONS, INC.,

By its attorneys,

H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
 Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
617-542-6000

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 9/17/2004 fax and hand delivery

Dated: September 17, 2004